# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-2127V

```
* * * * * * * * * * * * *
MARLON T. YOUNG,                *
                                *
              Petitioner,       *
                                *    Special Master Jennifer A. Shah
v.                              *
                                *    Filed: January 10, 2025
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
              Respondent.       *
                                *
* * * * * * * * * * * * *
```

*Scott B. Taylor*, Urban & Taylor, S.C., Milwaukee, WI, for Petitioner;
*Austin J. Egan,* United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 2, 2021, Marlon T. Young ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleged he suffered from a shoulder injury related to vaccine administration ("SIRVA") because of an influenza ("flu") vaccination he received on November 4, 2018. *Id*. at 1. On April 9, 2024, the parties filed a joint stipulation stating the case should be dismissed. ECF No. 32. That same day, former Special Master Katherine Oler issued an order concluding proceedings pursuant to Vaccine Rule 21(a)(1)(B) and dismissing

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

the case without prejudice.  ECF No. 33.

On May 24, 2024, Petitioner filed an application for final attorneys' fees and costs.  Final Fees App. (ECF No. 35).  Petitioner requests a total of $39,339.65 for attorneys' fees and costs, comprised of $34,613.60 for attorneys' fees and $4,726.05 for attorneys' costs.  Final Fees App. at 9.  Petitioner has filed a statement of his personal costs, indicating that he did not personally pay for any expenses related to this matter.  ECF No. 36.  Respondent responded to the motion on June 14, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs."  Final Fees Resp. at 2-3 (ECF No. 37).   Petitioner filed his reply on June 16, 2024, contending that he did not intend to file a substantive reply, as Respondent made no specific objection to Petitioner's application for fees and costs.  Final Fees Reply at 1 (ECF No. 38).

This matter is now ripe for consideration.

## I.   Legal Standards

Section 15(e)(1) of the Vaccine Act allows a special master to award "reasonable attorneys' fees, and other costs."  § 300aa–15(e)(1)(A)–(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

### A.  Good Faith

The good faith requirement is assessed through a subjective inquiry.  *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993).  The requirement "focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation."  *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  Without evidence of bad faith, "petitioners are entitled to a presumption of good faith."  *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996).  Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied.  *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### B. Reasonable Basis

Unlike the good faith inquiry, a reasonable basis analysis requires more than just evaluating a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must be supported by objective evidence. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). "[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018).

Although the Vaccine Act does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286; *see* 42 U.S.C. § 300aa-13(a)(1) (special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion."). The *Chuisano* Court agreed that a petition that relied only on temporal proximity and a petitioner's affidavit did not have a reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y of Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

Recently, the Federal Circuit clarified that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

When determining if a reasonable basis exists, special masters may consider a number of factors, including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018). This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

Here, although the petition was eventually dismissed, I find that the claim was brought in good faith and maintained a reasonable basis while it was pending before the Court. Also, I note that Respondent has indicated his satisfaction that both requirements have been met. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

## II.     Discussion Regarding Fees and Costs

### A. Attorneys' Fees

Petitioner retained Scott B. Taylor to represent him in this matter. *See generally* Fees App. Petitioner requests a total of $34,613.60 in attorneys' fees. *Id.* at 5.

#### 1. Reasonable Hourly Rates

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.* The framework for determining the appropriate compensation for attorneys' fees based upon the attorney's experience is set forth in *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years based on that case.[3]

Petitioner requests the following rates of compensation for his attorney, Mr. Scott B. Taylor: $444.00 per hour for work performed in 2021, $458.00 per hour for work performed in 2022, $482.00 per hour for work performed in 2023, and $538.00 per hour for work performed in 2024. Final Fees App. at 4-5. These rates are consistent with what Mr. Taylor has previously been awarded for his Vaccine Program work, and I find them to be reasonable here. *See, e.g.*, *Long v. Sec'y of Health & Hum. Servs.*, No. 22-1559V, 2024 WL 3345172, at *1 (Fed. Cl. Spec. Mstr. June 6, 2024); *Robinson v. Sec'y of Health & Hum. Servs.*, No. 22-0075V, 2024 WL 1159783, at *1 (Fed. Cl. Spec. Mstr. Feb. 8, 2024); *Johnson v. Sec'y of Health & Hum. Servs.*, No. 21-946V, 2023 WL 8846275, at *1 (Fed. Cl. Spec. Mstr. Nov. 21, 2023).

#### 2. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount

---

[3] The 2021-2024 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated based on the decision in *McCulloch*, 2015 WL 5634323.

of time spent on that work.  None of the entries appear objectionable, nor has Respondent identified any entries as objectionable.  The hours counsel spent traveling were appropriately compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014).

Accordingly, Petitioner is awarded final attorneys' fees in the amount of **$34,613.60**.

### B. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests a total of $4,726.05 in attorneys' costs: $2,363.10 for medical record retrieval, $402.00 for the filing fee, $179.20 for travel and $1,781.75 for photocopies.  Final Fees App. at 29.  Petitioner provided documentation supporting the medical record retrieval and filing fee costs.  Petitioner also provided documentation regarding the gas mileage accumulated during his client meeting.  The costs for copies are normal business expenses, so they will also be awarded.

I award Petitioner a total of **$4,726.05** in attorneys' costs.

### III. Conclusion

Accordingly, I **GRANT** Petitioner's application and award the following:

> Petitioner is awarded attorneys' fees and costs in the total amount of **$39,339.65**, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

**/s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.